UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAVIBANK,<br><br>               Plaintiff,<br><br>     v.<br><br>M/Y FREQUENSEA, Official Number 1098950, her mast, bowsprit, boat, anchors, cables, chains, rigging, tackle, apparel, furniture, and appurtenances, in rem, and MICHAEL R. PRICE, in personam,<br><br>               Defendants. | IN ADMIRALTY<br><br>CASE NO. 2:23-cv-00966-JHC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT SUBSTITUTE CUSTODIAN |

       Before the Court is Plaintiff Savibank's "Motion to Appoint Substitute Custodian and for Authorization for Movement of Defendant Vessel." Dkt. # 11. This is Plaintiff's second motion to appoint a substitute custodian. *See* Dkt. ## 9–10. The Court has considered the motion, the submissions in support of the motion, the balance of the case file, and the applicable law. Being fully advised, the Court FINDS as follows:

       1.     Defendant's vessel, FREQUENSEA, No. 1098950, has been or will be arrested by the U.S. Marshal.

       2.     According to Plaintiff's motion, the vessel is currently moored at the Port of Everett Marina. If after arrest it becomes necessary to move the vessel for safekeeping while in

ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT SUBSTITUTE CUSTODIAN - 1

the custody of the proposed custodian, the proposed custodian will move the vessel to Marine Lenders Services, LLC's gated facility at 5350 30th Ave, NW, Seattle, WA 98107. Marine Lenders Services, LLC through Buck Fowler, Jr. has declared it will safely keep the property for the duration of its appointment as substitute custodian.

3. The fees and expenses to be charged by the custodian for moorage will be less than the cost of leaving the property in the custody of the marshal.

4. The proposed custodian has declared that they have no interest in the outcome of the action in which the property is or will be under arrest.

5. The property will not be moved and no person except the appointed substitute custodian will be allowed to enter on the property except as necessary to transfer the property to the facilities of the substitute custodian for safekeeping and except as necessary to adequately safekeep and protect the property, except as may be expressly ordered by the Court.

6. Normal loading and/or discharge cargo operations, normal repairs, and/or movement of the vessel to safe anchorage within the District, if necessary, will be permitted, as ordered by the Court.

7. Plaintiff has provided evidence that it has obtained the insurance coverage required by the applicable Local Admiralty Rules.

8. Plaintiff agrees to release the United States and the marshal from any and all liability and responsibility arising out of the care and custody of the property, from the time the marshal transfers possession of the property to the substitute custodian until the property is released or sold, and agrees to hold harmless and indemnify the United States and the marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

9.  The proposed substitute custodian, Buck Fowler, Jr., accepted appointment as substitute custodian and possession of the property and declared that they will safely keep the property for the duration of the appointment as substitute custodian.

10. The U.S. Marshal has reviewed and endorsed the proposed order appointing substitute custodian before this Court issued its Order.

For these reasons, Plaintiff's motion is GRANTED. Dkt. # 11. Buck Fowler, Jr. is hereby appointed as substitute custodian of Defendant vessel FREQUENSEA until further order of this Court.

Dated this 30th day of June, 2023.

John H. Chun
United States District Judge