THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAVIBANK,<br><br>                    Plaintiff,<br><br>          v.<br><br>M/Y FREQUENSEA, Official Number 1098950, her mast, bowsprit, boat, anchors, cables, chains, rigging, tackle, apparel, furniture, and appurtenances, *in rem*, and MICHAEL R. PRICE, *in personam*;<br><br>                    Defendants. | IN ADMIRALTY<br><br>NO. 2:23-cv-00966-JHC<br><br>ORDER OF DEFAULT JUDGMENT *IN REM* AND ORDER OF SALE |

This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. # 22. The Court has reviewed the materials submitted in support of the motion, pertinent portions of the record, and the applicable law. No person has appeared to claim Defendant Vessel M/Y FREQUENSEA, Official No. 1098950 (the "Defendant Vessel"), to answer Plaintiff's Complaint, or to assert other claims against the Defendant Vessel.

Being fully advised, the Court rules as follows:

A. **Jurisdiction & Procedural Requirements.** The Court has subject matter jurisdiction over the case under 28 U.S.C. § 1333(1). Also, the Court has *in rem* jurisdiction over the vessel as it issued a warrant for arrest of the vessel, which was served in this district. Dkt. ## 7, 19; *Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852, 858 (9th Cir. 2005). The complaint meets the requirements of Supplemental Admiralty Rule C(2). Dkt. # 1. Further, Plaintiff has satisfied the notice requirements of Rule C and Local Admiralty Rules 125, 130, and 150. Dkt. # 19. More than 14 days have passed since the arrest and publication of notice, *id.*, and no person has filed a verified statement of right asserting any right of possession or ownership in the vessel. *See* Supp. Adm. R. C(6)(a)(i)(A).

B. **Application of Factors Under *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).**

1. Plaintiff would suffer prejudice if default judgment were not entered when no other party has responded or claimed a right of interest, Defendant Price failed to make timely payments on the Note secured by the Defendant Vessel, and Plaintiff continues to accrue costs in holding Defendant Vessel in custody. Plaintiff would be prejudiced because it is left without a legal remedy for its claims against the *in rem* defendant absent entry of default judgment.

2. Plaintiff has a valid claim against the *in rem* defendant: Plaintiff's verified complaint, accepted as true upon default, establishes Plaintiff's right to the remedies and priorities under 46 U.S.C. § 31325(b)(1) (enforcement of preferred marine mortgage in a civil action *in rem*).

3. Plaintiff is seeking a proportional amount of damages caused by Defendant Price.

4.       There is no genuine issue of material fact.

5.       The record contains no indication the vessel's default was due to excusable neglect.

6.       Generally, cases "should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. But in this case, the failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *see also Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, No. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020).  Thus, default judgment is an appropriate remedy in this case.

**C.      Damages.**  Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff'' claimed damages are appropriate to award.  *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  The plaintiff has the burden of proving its requested damages are reasonable and supported by evidence.  *Bd. Of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

**D.      Order**

Given the foregoing, the Court ORDERS that:

1.       Plaintiff's motion is GRANTED.

2.       Judgment be entered against the Defendant Vessel as prayed for in the Plaintiff's Complaint in the amount of $268,855.17, plus reasonable attorneys' fees and custodial fees inured by Plaintiff, prejudgment interest, post judgment interest from the date of entry of this Order, costs of this action (including charges for all fees for keepers and their

ORDER OF DEFAULT JUDGMENT *IN REM*
AND ORDER OF SALE- Page 3
Case No 2:23-cv-00966-JHC

1  costs incurred in this action and for all expenses in the sale of the Defendant Vessel) between

2  June 2023 and the final disbursement of the proceeds of the judicial sale of defendant vessel;

3        3.      The Defendant Vessel be condemned to answer the judgment of

4  Plaintiff and the Clerk of this Court shall issue a writ *venditioni exponas* to the Marshal of

5  this District for the sale of the Defendant Vessel, the Plaintiff shall publish in the Daily

6  Journal of Commerce, Seattle, Washington a Notice of Sale, in the form attached hereto, for

7  eight (8) consecutive days prior to the day of sale, excluding Saturdays, Sundays and legal

8  holidays in accordance with Local Admiralty Rule 145.

9        4.      The sale shall be conducted according to the following terms:

10      (a) The sale will be to the highest bidder who must on the day of sale

11  deposit with the Marshal, in cash or cashier's check issued by a Seattle member bank of the

12  Federal Reserve System, 10% of the bid and pay the balance due, in cash or cashier's check

13  issued by a Seattle member bank of the Federal Reserve System within three (3) days

14  thereafter, excluding Saturdays, Sundays and legal holidays. If an objection to the sale is

15  filed within that time, the bidder is excused from paying the balance of the purchase price

16  until the sale is confirmed, and for a period of three (3) days thereafter excluding Saturdays,

17  Sundays and legal holidays. If no written objection is filed within three (3) days of the date of

18  sale, excluding Saturdays, Sundays and legal holidays, the sale will be confirmed as in due

19  course in accordance with Local Admiralty Rule 145(e). Upon the failure of the successful

20  bidder to pay the balance of the purchase price when due, the entire deposit shall be forfeited

21  and applied toward administrative costs and then in satisfaction of the proven liens,

22  according to their priority.

23

ORDER OF DEFAULT JUDGMENT *IN REM*
AND ORDER OF SALE- Page 4
Case No 2:23-cv-00966-JHC

(b) The Plaintiffs or any other party who has been awarded judgment against the vessel may bid at the Marshal's sale all or any part of its judgment in lieu of cash and, if the successful bidder, it shall be required to deposit and pay in cash or cashier's check only so much as shall exceed its judgment plus interest (including pre-judgment interest and post-judgment interest), costs (including charges for all fees for keepers and their costs incurred in this action and for all expenses in the sale of the Defendant Vessel), and reasonable attorneys' fees, and a sum sufficient to secure outstanding Marshal's fees and costs and the Marshal's commission. Should any of the parties object to a party bidding all or part of its judgment in lieu of cash, the right to so bid shall be further conditioned upon the posting by the judgment bidder of a corporate surety bond or bonds in form acceptable to the court in the amount of the claim or claims of any objecting party or parties; <u>provided</u>, <u>however</u>, that if any party suffers delay or damage, or incurs expense because of such objection and if the Court determines that the objection is not meritorious or is otherwise in violation of local rules then the Court may tax as costs against the objecting party or parties a sum equal to such damages or expenses, including the cost of the surety bond or bonds.

(c) The vessel shall not be sold to any person not a citizen of the United States within the meaning of 46 U.S.C. §961.

(d) Prospective bidders, upon application to the U.S. Marshal and prior notice to the attorney for Plaintiff, SAVIBANK, and at such times and in such manner as the U.S. Marshal may direct, may board the vessel for the purpose of inspection, provided that it shall be at the sole expense and risk of such person or his representative.

5. The U.S. Marshal shall bring the proceeds of the sale into Court and deposit the same with the Clerk thereof, pending further order of this Court.

ORDER OF DEFAULT JUDGMENT *IN REM*
AND ORDER OF SALE- Page 5
Case No 2:23-cv-00966-JHC

DATED this 19th day of September, 2023.

*John H. Chun*
_____
JOHN H. CHUN
U.S. DISTRICT JUDGE